894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger Curtis NEELD, Plaintiff-Appellant,
v.
Arthur TATE, JR., Supt.; Richard P. Seiter; Bill
McClellen; Tanedo, Dr.; Altcheck, Dr.; Huber, DDS;
Weiland, Dr.; Estes, Dr.; Gouloff, Dr.; Fromkes, Dr.;
Myers, Dr.; Mazanec, Dr., Defendants-Appellees.
 No. 89-3406.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Roger Curtis Neeld appeals the summary judgment for defendants and partial dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. Plaintiff alleged that the defendant prison officials and doctors were deliberately indifferent to his serious medical needs. Essentially, plaintiff vociferously disagrees with the diagnosis and treatment he is receiving with respect to a condition which causes pus to exude from his gums.
 
 
 3
 Generally, a plaintiff must establish "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" in order to sustain a cause of action under Sec. 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A mere difference of opinion with respect to the diagnosis and treatment of a condition does not present a cognizable claim. Estelle, 429 U.S. at 107; Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Here, plaintiff did not show "deliberate indifference to serious medical needs."
 
 
 4
 Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The moving party need not negate the opponent's claim, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), but must merely point out the absence of evidence supporting the claim. Celotex Corp., 477 U.S. at 325. Here, defendants made such a showing and plaintiff thereafter failed to show a genuine issue of material fact remained for trial. See Celotex Corp., 477 U.S. at 324. Therefore, summary judgment was proper.
 
 
 5
 Further, the complaint was properly dismissed with respect to two of the defendant doctors. Even if plaintiff's complaint is liberally construed and the allegations are accepted as true, we conclude that plaintiff alleged nothing with respect to these two defendants that would support a claim of deliberate indifference to his serious medical needs. See Kent v. Johnson, 821 F.2d 1220, 1223-24 (6th Cir.1987) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.